**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| PAUL N. BARNES, | DOCKET NUMBER |
| Appellant, | DC-3443-17-0570-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: November 22, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paul N. Barnes, Dayton, Ohio, pro se.

Stephen W Artymowicz, Esquire, Aberdeen Proving Ground, Maryland, for
the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed the agency's denial of his application for early retirement under the Voluntary Early Retirement Authority (VERA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's claim that the agency made inconsistent VERA determinations, we AFFIRM the initial decision.

¶2      For the reasons provided in the initial decision, we agree with the administrative judge's finding that the appellant failed to meet his burden of proving that he is entitled to early retirement under VERA. Initial Appeal File (IAF), Tab 31, Initial Decision (ID) at 6-9; *see Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986); *Davis v. Office of Personnel Management*, 104 M.S.P.R. 70, ¶ 7 (2006) (observing that the burden of proving entitlement to retirement benefits is on the applicant for benefits).

¶3      In his petition for review, the appellant reasserts his claim that the agency's reason for denying his VERA application is inconsistent with the fact that the agency approved the applications of other employees without an approved restructuring plan in place. Petition for Review (PFR) File, Tab 1 at 4-5; IAF, Tab 30 at 44-45. He further claims that this inconsistency demonstrates the agency's improper discretion. PFR File, Tab 1 at 5. Because the administrative judge did not consider those claims, we modify the initial decision to address them as follows.

¶4      In a memorandum dated March 11, 2017, the Director of the U.S. Army Research Laboratory (ARL) explained that the "ability to restructure the position

being vacated (e.g. Grade Level, Occupation Series)" was a relevant consideration in determining whether to approve a VERA application during "ARL FY17 Round Two Buyout Authority" and that a restructured position had to be filled no later than 1 year after an application was approved. IAF, Tab 14 at 51, 53. Thus, we find that the relevant inquiry here is whether the appellant's position could have been restructured and filled within 1 year. The ARL Director declared that he thought he could not approve the restructure of the appellant's branch chief position without an approved reorganization plan in place for the directorate. IAF, Tab 25 at 17. The ARL Director further declared that he was not comfortable approving the appellant's VERA application because the agency would have had to restructure and fill his position within 1 year. *Id.* at 17-18.

¶5        In support of his claims on review, the appellant references his exhibits in the record. PFR File, Tab 1 at 4; IAF, Tab 30 at 70-71, 79-81, 86-90. In relevant part, the appellant refers to an email in which he claims that two individuals within his division who were part of the administrative staff were granted VERA benefits in fiscal year 2016. PFR File, Tab 1 at 4; IAF, Tab 30 at 70. In addition, the appellant refers to agency counsel's discovery response in which he admits that there were approved VERA offers in fiscal year 2017 for other directorates within ARL that had not undergone reorganization that year. PFR File, Tab 1 at 4; IAF, Tab 30 at 87. We find that the appellant's evidence fails to show that the agency was inconsistent to determine that certain positions (like his branch chief position) could not be restructured without a reorganization plan in place and filled within 1 year and that other positions (like administrative staff positions) could be. The ARL Director's memorandum contemplates making VERA determinations based on, among other things, the grade level and occupation series of an applicant's position. IAF, Tab 14 at 53. Moreover, the agency's regulations state that "VERA may be based on occupation; grade or pay band; skills, knowledge, or other factors related to a position." *Id.* at 32. Therefore, we discern no abuse of discretion.

¶6       In addition, the appellant challenges on review the administrative judge's finding that the agency's failure to identify which positions would be eligible for VERA benefits prior to accepting applications does not render the agency's decision erroneous or suggest an abuse of discretion.  PFR File, Tab 1 at 5-6; ID at 9.  Based on our review of the record, we discern no reason to disturb that finding.

¶7       Further, the appellant alleges on review that he was unable to present evidence of alleged poor performers who were granted VERA benefits because the agency is prohibited from providing such personal information.  PFR File, Tab 1 at 6.  The Board's regulations reflect an expectation that the parties will start and complete discovery with minimum Board intervention.  5 C.F.R. § 1201.71; *see King v. Department of the Navy*, 98 M.S.P.R. 547, ¶ 10 (2005) (recognizing that a party does not need the Board's approval to engage in discovery, and the Board generally only becomes involved in discovery matters if a party files a motion to compel), *aff'd*, 167 F. App'x 191 (Fed. Cir. 2006).  Here, the appellant does not allege, and the record does not reflect, that he requested evidence of alleged poor performers through discovery.  Thus, we are not persuaded by the appellant's claim that he could not provide evidence of alleged poor performers.

¶8       Accordingly, we affirm the agency's denial of the appellant's VERA application.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


Jennifer Everling

FOR THE BOARD:            _____
                          Jennifer Everling
                          Acting Clerk of the Board

Washington, D.C.